UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>IQBAL SINGH RANDHAWA and PAUL RANDHAWA,<br><br>　　　　　Defendants. | No. 2:18-cv-00224-KJM-CKD<br><br><br>ORDER |

On February 1, 2018, defendant Iqbal Randhawa[1] removed this unlawful detainer action from the Solano County Superior Court. Removal Notice, ECF No. 5. As explained below, the court REMANDS the case to the Solano County Superior Court.

////

////

////

////

---

[1] The notice of removal erroneously refers to defendant Iqbal Randhawa as "plaintiff." But as the "Clerk's notice of docket correction" indicates, defendant Iqbal Randhawa incorrectly filed the removal notice as a new civil case, which inverted the party names. ECF No. 6. The court here uses the proper party designation, and thus refers to Iqbal Randhawa as a defendant.

1

I.     STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

////

////

////

## II. DISCUSSION

Here, defendant's Notice of Removal asserts the court has federal question jurisdiction under § 1331 because "[r]esolution of the right of possession of the Property, and title to it, turns . . . on the interpretation and application of federal law and should be determined in this forum." Removal Notice at 2. The complaint plaintiffs filed in state court, however, asserts only a claim for unlawful detainer, a matter of state law. *See* Compl., Ex. 1, ECF No. 5 at 5-6.

As explained above, defendant's answer or counterclaim cannot serve as the basis for federal question jurisdiction. *Vaden*, 556 U.S. at 60. Plaintiffs are the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiffs' complaint does not show it is based upon federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction. Plaintiffs' complaint is a "limited civil case" with an amount demanded that "does not exceed $10,000." Compl. at 1. Plaintiffs seek restitution and possession of the premises and unpaid rental value of $38.87 per day for each day from August 10, 2017 until the date of judgment. *Id*. at 3. Because these damages are not likely to total more than $75,000, and defendant has provided no other evidence or allegations as to the amount in controversy, the court cannot exercise diversity jurisdiction over the action.

## III. CONCLUSION

The court has found no proper basis to exercise subject matter jurisdiction over this case. The case is therefore REMANDED to the Solano County Superior Court. *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

IT IS SO ORDERED.

DATED: February 12, 2018.

_____
UNITED STATES DISTRICT JUDGE